UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANE MCCARTHY,

        Petitioner,

v.                                              Case No. 10-C-429

MICHAEL THURMER,

        Respondent.

**ORDER**

On May 19, 2010, Petitioner filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. His criminal case arose out of a car accident that occurred while Petitioner was fleeing the police in his car after attempting to solicit an undercover police officer. Petitioner was charged with recklessly endangering safety, one count of prostitution (solicitation) and three counts of causing great bodily harm by operating a motor vehicle while under the influence of cocaine. He was convicted in Milwaukee County Circuit Court and is currently incarcerated at Waupun Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner brings three claims. First, he asserts that the prosecutor committed a *Brady* violation by allowing Petitioner's car to be destroyed shortly after the accident, which prevented him from placing the car into evidence to show that its brakes failed. Relatedly, he asserts that the jury instructions failed to inform the jury that his defense was that the brakes failed. Finally, he claims his sentence was based on a crime for which he was acquitted.

Petitioner's *Brady* argument fails.[1] He asserts that his car needed to be placed into evidence so he could show that its brakes failed and that the police and / or prosecutor denied him due process by allowing the car's destruction. The court of appeals addressed the claim primarily under *State v. Greenwold,* 189 Wis. 2d 59, 525 N.W.2d 294 (Wis. Ct. App. 1994). The court observed that due process would have been violated if the police destroyed evidence that was apparently exculpatory, or failed to preserve evidence that was *potentially* exculpatory, if they did so in bad faith. These criteria are based on the Supreme Court's decision in *Arizona v. Youngblood,* 488 U.S. 51 (1988). The trial court and court of appeals concluded that the Petitioner's car was not apparently exculpatory because there was nothing about the crime, on its face, that suggested the car itself was a cause of the accident. (Petitioner was charged with being under the influence of cocaine at the time and was fleeing police after attempting to solicit sex from an undercover officer.) The assertion about faulty brakes arose only after Petitioner raised the defense much later (he states

---

[1] He styles it in this petition as a *Brady* argument, but the Wisconsin courts treated it as a case of the police destroying evidence – which is what happened – rather than the prosecutor withholding exculpatory evidence, as in *Brady*.

he went into a coma after the accident.) And although the state courts recognized that the car could *potentially* be exculpatory, there was no indication that it was destroyed in bad faith. These conclusions were not an unreasonable application of clearly established federal law.

Petitioner argues that the existence of his affirmative defense – that the accident would have occurred even if he had not been intoxicated – implicitly requires the police to preserve all automobiles under such circumstances, but that is simply not true. Petitioner must surely recognize that when an accident is caused under such circumstances – the driver under the influence of drugs while fleeing the police – the chance that the accident occurred because of an unrelated mechanical failure is extremely small. The implication of his argument is that any time a drunk driver causes an accident the government must preserve the automobile or conduct tests on it, but that of course is not what the law requires. *Youngblood,* 488 U.S. at 58 ("We therefore hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.") The argument is particularly weak in light of the fact that the automobile was not even petitioner's (it was his girlfriend's), and the City of Milwaukee apparently simply towed the car and destroyed it after giving notice to the girlfriend, all while Petitioner lay in a coma. There is no suggestion of bad faith here.

Petitioner's jury instructions argument also fails. He testified at trial that his brakes failed, and he asserts that the jury was confused about how to incorporate his failed-brakes defense into its verdict. Further, he claims, the jury's question to the judge suggested that they believed his claim that his brakes failed. His argument is that the jury instructions told the jurors that they must convict if they believed the state proved all three elements of the offense: that the defendant (1) operated a vehicle (2) that caused great bodily harm (3) and had a detectable amount of a controlled

3

substance in his blood at the time. Although the jury instructions also instructed the jurors on the affirmative defense – that the great bodily harm would have ensued even if the defendant had not had the controlled substance in his blood – he argues that the instructions suggested (his petition underlines this portion) that "you must find the defendant guilty" "if each of the three elements is proved." This means, he believes, that the jurors were instructed to find him guilty regardless of his affirmative defense, and he cites a jury instruction in another case as an example of how his instructions *should* have read.

But the jury instructions here are not as misleading as Petitioner suggests. The portion quoted above is part of the following paragraph: "If you are satisfied to a reasonable degree of certainty . . . that this defense is proved, you must find the defendant not guilty. If you are not satisfied to a reasonable degree of certainty . . . that this defense is proved and you are satisfied beyond a reasonable doubt that each of the three elements of this offense have been proved, you must find the defendant guilty." It is unclear whether Petitioner's current argument was presented to the court of appeals, because that court addressed it in a slightly different fashion. Even assuming it is properly exhausted, however, there was no constitutional error in the jury instructions because the elements were clearly identified, as was the affirmative defense. And, as the court of appeals noted, there is nothing about the jury's question that suggested the jurors believed McCarthy's claim and were simply unsure as to how to proceed. The instructions were clear and the jury would have acquitted if it believed the brake failure theory.

Finally, Petitioner argues that the trial court erred in sentencing him based on the charge for count one even though he was acquitted of that count. Petitioner cites one instance during sentencing in which the trial court misstated that he had been convicted of count one, but as the

4

court of appeals noted there is no actual evidence that this played a role in Petitioner's sentence. Without more than a single misstatement in the transcript, Petitioner cannot credibly claim that the trial judge somehow erroneously misunderstood the jury's verdict. Moreover, count one – recklessly endangering the safety of the police officer – was mostly a footnote compared to the Petitioner's principal crimes – causing great bodily harm while operating a vehicle under the influence of cocaine. Ultimately, Petitioner has identified no controlling federal principle that was misapplied by the state courts.

For the reasons given above, the petition will be **DENIED** and the case **DISMISSED**. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I further certify that a certificate of appealability should not be issued because no showing of the denial of a constitutional right has been made and reasonable jurists could not debate the outcome herein.

Dated this __21st__ day of May, 2010.

          s/ William C. Griesbach
          William C. Griesbach
          United States District Judge